OPINION OF THE COURT
Daniel Palmieri, J.
Defendant moves, pursuant to CPL 710.40, on oral stipula *595 tian, to suppress written and verbal inculpatory statements made to store security personnel on the ground that such persons were acting as agents of the police and as such were required to advise defendant of his rights under Miranda v Arizona (384 US 436 [1966]), prior to conducting any custodial interrogation. Since there were no such warnings administered to the defendant, if the court finds that the store detectives acted as agents for a public servant engaged in law enforcement activity, it will be necessary to determine if such statements were "involuntarily made” as such term is issued in CPLR 60.45.
FINDINGS OF FACT
At the hearing held on October 10, 1989, the sole witness was David McGuire, a store detective for Filene’s Basement retail store, who testified that while performing security surveillance, pursuant to store policy, he observed the defendant remove price tags from suits, enter a fitting room and emerge with different price tickets on the merchandise at substantially lower prices. After having paid for the suits at the lower prices, the defendant was apprehended by security personnel while exiting the store and taken to the store security office, where upon request, he executed a written inculpatory statement and made an oral admission of guilt to the store detective. Thereupon, the security personnel were advised by their store superiors to request criminal prosecution and the Nassau County Police Department was called to take the defendant into custody. After making the decision to prosecute and prior to calling the police, the store detective filled out a police department crime report form, a police department form of supporting deposition and a District Court information. These forms were signed by the store detectives and given to the police officers upon their arrival.
The store employee testified that he has never received any training from the police department, the purpose of store surveillance was for internal control and that the company had its own security manual and policies. He also stated that he and other store personnel had dealt with the police department on prior occasions, Filene’s is a "participating” store in that it had opted to cooperate with the police department by retaining a supply of the aforementioned forms at the store and filling them out so as to make the job easier for the police department. The police do not instruct on the preparation of *596 the forms but have required them at times, including this case, to be redone or corrected.
The issues, which do not appear to have been addressed in earlier cases, are whether or not such involvement is sufficient to find that the private parties acted for and in behalf of the police or whether at some point defendant’s indelible right to counsel attached.
Store detectives and other retail store employees are permitted to arrest or detain persons suspected of shoplifting (General Business Law §218), and such employees are generally deemed to be acting as private individuals and not as public servants. However, government cannot avoid constitutional restrictions by using private persons as its agents or by participation in the private actions to such an extent that the private character of the activity is obscured. (People v Jones, 47 NY2d 528 [1979].) Thus, where police identified themselves to the defendant at the store premises and waited outside while store detectives questioned a suspect, the participation created the type of custodial atmosphere which Miranda (supra) was intended to alleviate. (People v Jones, supra, at 534.)
Where private surveillance, apprehension and questioning of a defendant is neither instigated by nor undertaken at the behest of a law enforcement agency, a store detective is under no duty to administer Miranda warnings unless the private conduct is so pervaded by governmental involvement that it loses its character and all constitutional protections attach. (People v Ray, 65 NY2d 282 [1985].) In this case, there was no police participation until after the inculpatory statements were given. The observation, apprehension and questioning all took place as private conduct by the store employees and the statements were made before the decision to press charges and before the police were even notified of the incident.
The fact that the store had a preexisting arrangement with authorities to maintain a supply of police department forms and assisted in their preparation does not create the type of preexisting agency or custodial atmosphere necessary to invoke constitutional safeguards. (Cf., People v Jones, supra.)
Any person, not necessarily a police officer, may issue and file a complaint so long as the requisites of CPL 100.15 are followed. In fact, neither CPL 1.20 (17) dealing with commencement of a criminal action nor CPL 100.15 dealing with the form or content of a complaint require that these func *597 tians be performed by government officials. In Artis v Keegan (77 Misc 2d 638 [Sup Ct 1974]), it was held that an accusatory instrument must be accepted for filing when proffered to the proper court by a private person who is the complainant therein. (See also, Sackinger v Nevins, 114 Misc 2d 454 [1982].)
Since Filene’s had the right to process the paperwork on its own account it makes no difference that the store thought it was acting in aid of the police department and such activity cannot be said to be conducted under the direction or in cooperation with the police.
Furthermore, the forms played no role in the apprehension or questioning, were only filled out after the statements were made and the decision to prosecute was reached and as such, the preparation and delivery thereof were merely ministerial, consistent with private store procedure and constitutionally immaterial. (See, People v Ray, supra, at 288.)
A further question is whether the presence and the policy of maintaining police supplied printed forms constitutes conduct which created the indelible and nonwaivable right to counsel which arises by reason of the commencement of criminal proceedings. (People v Settles, 46 NY2d 154 [1978]).
A criminal action commences with the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 [17]) and an accusatory instrument, which includes an information, may be issued by any person, so long as the State is named as the plaintiff (CPL 1.20 [1], [4]). It has been held that since the action is not deemed to have commenced the indelible right to counsel does not attach unless and until the accusatory instrument has been filed. (People v Samuels, 49 NY2d 218 [1980].) Even where, as here, the accusatory instrument had been signed, but not yet filed, the right to counsel does not yet attach (People v Lane, 64 NY2d 1047 [1985]).
The preparation, execution and delivery of the accusatory instrument did not, absent a filing thereof, constitute the commencement of a criminal action and the mere presence and use of such forms did not create the type of activity which is so judicial in nature as to require counsel prior to initiation of formal proceedings. (People v Williams, 112 AD2d 259 [2d Dept 1985].)
There is no claim or evidence to support any claim, that the statements herein were involuntarily made, pursuant to CPL 60.45 (2) (a), which would preclude the use of a statement obtained by any person, public servant, or otherwise, by *598 means of force, threat or any other conduct mentioned in or contemplated by said section (see, People v Basir, 141 AD2d 745 [2d Dept 1988]), and it is not necessary to address the issue of whether the statements sought to be suppressed were, in the absence of constitutional warnings, made under such circumstances as constitute exceptions to or fall outside of the scope of the type of statements sought to be protected by such warnings.
For all of the foregoing reasons, the defendant’s motion to suppress is denied.