OPINION OF THE COURT
Peter J. Benitez, J.
This case requires the court to determine whether an inter *531 ested party, the victim of a criminal act or a private attorney representing such person, may prosecute a criminal action against the person alleged to have committed that act.
Defendant is charged in a misdemeanor accusatory instrument with criminal mischief in the fourth degree, in violation of Penal Law § 145.00. This prosecution was commenced on the application of complainant Vincent Riso for a court-ordered summons pursuant to section 50 of the New York City Criminal Court Act based on the filing of the accusatory instrument in the Summons Appearance Part of the Criminal Court. Defendant was served with the summons and arraigned on the accusatory instrument which alleges that he caused damage to the carpet, wall and doors of the condominium building in which Mr. Riso has an interest.
Mr. Riso is a sponsor of the condominium and an officer of its board of directors. Mr. Riso commenced this action on behalf of the board and certain unit owners of the condominium. The criminal action is being prosecuted by the law firm De Maio & Hughes, which represents complainant Mr. Riso and the condominium board in this action. That firm also represents Mr. Riso, the condominium board and a number of unit owners in civil litigation that they have brought against defendant, who is also a unit owner, and other unit owners. Additionally, a member of the law firm is also a member of the condominium board.
Defendant moves to disqualify the firm of De Maio & Hughes from prosecuting this action alleging that its role as prosecutor is not authorized under the County Law, constitutes a conflict of interest, violates defendant’s rights to due process, and violates the Code of Professional Responsibility. Complainant argues that the law firm has no financial interest in the civil or criminal actions apart from its attorney-client relationship with the condominium board and various unit owners and further argues that this action is not being prosecuted under the Criminal Procedure Law, but rather, under the New York City Criminal Court Act.
Generally, the District Attorney for the county prosecutes criminal matters in the name of the People of the State of New York. However, pursuant to section 50 of the New York City Criminal Court Act, private persons have, for many years, been permitted to initiate criminal actions in the Summons Appearance Part of the Criminal Court without the participation of the District Attorney. Such actions are com *532 menced by the complainant having a clerk of the court prepare an accusatory instrument which is docketed and the court’s issuance of a summons directing that the named defendant appear before the court on a date specified for arraignment on the criminal charges.
The District Attorney does not appear in the Summons Appearance Part in New York County. Rather, the cases docketed in that part are prosecuted by the complainant, who is usually the victim of the crime alleged, or by a private attorney representing the complainant.[1] If the court determines that the case involves a serious assault or domestic violence, it is transferred to an All Purpose Part of the Criminal Court in which the District Attorney appears. Generally, upon such transfer, the District Attorney will either assume the prosecution responsibilities in the case and prosecute it, move to dismiss the case, or adjourn it in contemplation of dismissal. However, regardless of the procedure by which a criminal action is initiated, the provisions of the Criminal Procedure Law apply. (See, CPL 1.10 [1] [a].)
While the District Attorney and certain other public officials are authorized by law to prosecute criminal actions, the Criminal Procedure Law does not state whether a private individual or an attorney representing an aggrieved person may appear as the "prosecutor” in a criminal action in which the District Attorney of the county has not appeared.
The question of whether there is any statutory prohibition against a person who is not specifically charged with responsibility for prosecuting criminal cases conducting the prosecution of such matters was addressed by the Court of Appeals in People v Van Sickle (13 NY2d 61 [1963]). In that case, the court held that the conviction should not be reversed because of the fact that the victim of the crime conducted the prosecution of the case. While the Judges of the court were divided on whether the District Attorney had a duty or responsibility to *533 be aware of such "private prosecutions,” they were unanimous in the determination that there was no statutory bar to a private individual prosecuting a criminal case. Additionally, in a concurring opinion, Judge Van Voorhis cited with approval opinions of the Attorney-General ruling that " 'the [criminal] prosecution may be done by a private individual or a lawyer hired by the complainant’ ”. (People v Van Sickle, supra, at 64.)
Subsequent to the court’s decision in People v Van Sickle (supra), a number of courts have issued opinions as to whether a privately retained attorney could prosecute a criminal action. (See, People v Vlasto, 78 Misc 2d 419 [Crim Ct, NY County 1974] [private prosecution not authorized in class A misdemeanor prosecution]; People v Citadel Mgt. Co., 78 Misc 2d 626 [Crim Ct, NY County 1974] [private prosecution of violation authorized]; People ex rel. Luceno v Cuozzo, 97 Misc 2d 871 [White Plains City Ct 1978]; People v Vial, 132 Misc 2d 5 [Crim Ct, NY County 1986] [attorney for defendant prosecuted by District Attorney permitted to act as prosecutor in cross complaint against his accuser]; Read v Sacco, 49 AD2d 471 [2d Dept 1975] [private prosecution of class A misdemeanor authorized].)
In each of these cases except People v Vlasto (supra), the court, relying primarily on People v Van Sickle (supra), held that a privately retained attorney could appear as a prosecutor in a criminal action. However, in those cases the court stated that the issue in private prosecutions is, as stated by Judge Van Voorhis in his concurring opinion in People v Van Sickle (supra, at 65), whether "the same rules of fairness and of law which would bind a public law officer if he were present” were observed by the private attorney during the proceedings. In other words, did the conflict of interest result in actual prejudice to the defendant?
It is, therefore, clear that the courts of this State have found that there is no statutory prohibition against the prosecution of a criminal case by the victim of the crime alleged or by an attorney representing such person. Those cases, however, did not address the question of whether private prosecution constitutes a per se violation of the constitutional standards of due process applicable to criminal prosecutions. Indeed, the majority opinion in People v Van Sickle (supra) did not address the constitutional implications of private prosecu *534 tions.[2] Rather, in the cases cited above where private prosecutions were upheld, the courts expressed the view that due process could be insured in private prosecutions through the court’s monitoring of the prosecution for actual prejudice resulting from the clear conflicts of interest presented by the complainant or his or her attorney acting as the prosecutor.
However, recent decisions of the New York Court of Appeals and the Supreme Court of the United States lead this court to conclude that private prosecutions by interested parties or their attorneys present inherent conflicts of interest which violate defendants’ due process rights. Accordingly, whether or not actual prejudice results from the inherent conflict of interest, such an interested person may not initiate a prosecution by obtaining the issuance of a summons requiring a person’s appearance in the Criminal Court nor may such an interested person in any other manner prosecute the criminal charges.[3]
In People v Zimmer (51 NY2d 390 [1980]), the court reversed a conviction and dismissed an indictment obtained by a District Attorney who had a financial interest in the corporation in the course of whose management the defendant is alleged to have committed the offenses for which he was prosecuted. *535 The court held that where the District Attorney has a financial interest in and is the "legal spokesman” for the corporation which is alleged to be directly affected by the defendant’s alleged actions, that District Attorney has a conflict of interest which prohibits him from conducting the prosecutions of the case. In so holding, the court stated (supra, at 393): "Unlike other participants in the traditional common-law adversarial process, whose more singular function is to protect and advance the rights of one side, a District Attorney carries an additional and more sensitive burden. It is not enough for him to be intent on the prosecution of his case. Granted that his paramount obligation is to the public, he must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, his mission is not so much to convict as it is to achieve a just result”.
Accordingly, in People v Zimmer (supra) the court found that, "due process implications” were presented when there existed any potential for prejudice to a defendant due to a prosecutor’s conflict of interest. Stating (supra, at 394) that it was "simplistic * * * to think of the impact of a prosecutor’s conflict of interest merely in terms of explicit instances of abuse”, the court concluded that the avoidance of possible prejudice was not achieved by judicial scrutiny of the prosecutor’s actions to determine if the prosecutor’s conflict of interest actually prejudiced the defendant. Rather, the court held that the existence of any "reasonable potential for prejudice will suffice [to require that the prosecutor be recused]”. (People v Zimmer, supra, at 395.) The court found that the District Attorney’s financial and attorney-client relationship with the corporation which was alleged to have been affected by the defendant’s actions was a conflict of interest which clearly presented a potential for prejudice to the defendant.
In Young v United States ex rel. Vuitton et Fils (481 US 787 [1987]), the court held that the District Court’s appointment of one of the attorneys in a civil case to prosecute an opposing party in the case on a charge of criminal contempt arising out of the violation of the court’s injunction was improper. Six Justices found it unnecessary to determine whether this error violated the defendants’ due process rights, relying instead on the court’s supervisory power to hold that the same conflicts which, under Federal statutes and contemporary standards of fair and impartial prosecution, prohibit prosecution by an interested government prosecutor also prohibit prosecution by
*536 an interested private prosecutor. Justice Blackmun concurred with those six Justices and further stated that such conflicts also violate due process. Justice Brennan, writing the opinion of the court, in a section in which only three Justices concurred in holding that the harmless error rule did not apply (supra, at 810), stated: "An error is fundamental if it undermines confidence in the integrity of the criminal proceeding. Rose v. Clark, 478 U. S. 570, 577-578 (1986); Van Arsdall, supra, at 681-682; Vasquez v. Hillery, 474 U. S. 254, 263-264 (1986). The appointment of an interested prosecutor raises such doubts. Prosecution by someone with conflicting loyalties 'calls into question the objectivity of those charged with bringing a defendant to judgment.’ Vasquez, supra, at 263. It is a fundamental premise of our society that the state wield its formidable criminal enforcement powers in a rigorously disinterested fashion, for liberty itself may be at stake in such matters. We have always been sensitive to the possibility that important actors in the criminal justice system may be influenced by factors that threaten to compromise the performance of their duty.” Justice Blackmun, in his concurring opinion (supra, at 814-815), stated: "I join Justice Brennan’s opinion. I would go further, however, and hold that the practice— federal or state — of appointing an interested party’s counsel to prosecute for criminal contempt is a violation of due process. This constitutional concept, in my view, requires a disinterested prosecutor with the unique responsibility to serve the public, rather than a private client, and to seek justice that is unfettered. See Brotherhood of Locomotive Firemen & Enginemen v. United States, 411 F. 2d 312, 319 (CA5 1969); see generally Note, Private Prosecutors in Criminal Contempt Actions under Rule 42 (b) of the Federal Rules of Criminal Procedure, 54 Ford. L. Rev. 1141, 1146-1166 (1986).”
The holding in People v Zimmer (supra), that a public prosecutor’s conflict of interest violates due process and requires dismissal of the accusatory instrument and conviction obtained by that prosecutor, should be applied to private prosecutions by victims of crimes or private attorneys representing such persons. While People v Zimmer (supra) is distinguishable on its facts from People v Van Sickle (supra), in that, in Zimmer, the court was applying standards concerning the duties and responsibilities of public officials charged with responsibility for investigating and prosecuting violations of the criminal statutes in the name of the People of the State, a defendant’s right to due process is no different in public and *537 private prosecutions. Clearly, the effect of criminal proceedings and the consequences of a conviction for criminal charges are no different in prosecutions by a public prosecutor than in prosecutions by a private prosecutor. Additionally, the standards of professional conduct applicable to public prosecutors are not required because such individuals are public officials, but rather, are required because of the functions they perform and the authority and discretion that they possess in our system of criminal justice. A defendant in a criminal case is entitled to no less justice when prosecuted by a private citizen or by an attorney representing such person than when prosecuted by a public prosecutor.
As no viable rationale justifies a distinction between prosecutions by public officials and those by private persons with respect to the potential for prejudice that arises from inherent conflicts of interest created by the prosecutor being personally interested in the case, the reasoning of the court in People v Zimmer (supra), requires the conclusion that a defendant’s right to due process is violated when a person who is a victim of a crime or who has a personal, financial or attorney-client relationship with the victim of a crime prosecutes the criminal case. Compelling support for this conclusion is found in the opinions of Justices Brennan and Blackmun in Young v United States (supra). The Supreme Court of Wisconsin, 100 years ago in Biemel v State (71 Wis 444, 445, 37 NW 244, 245 [1888]), stated, "We think public policy, and the fair, just, and impartial administration of the criminal law of the state, make it the duty of the courts to exclude the paid attorneys of private persons from appearing as prosecutors.” This court agrees and goes further, holding that due process requires that the individual who prosecutes a criminal case not have any personal or financial interest in the prosecution nor an attorney-client relationship with any of the parties. The holding of People v Van Sickle (supra), reached more than 25 years ago, can no longer be viewed as controlling authority for permitting such private prosecutions in light of the court’s more recent due process analysis set forth in People v Zimmer (supra).
Therefore, as the prosecution in this case was initiated by a person with a personal interest in the matter and is being *538 prosecuted by a law firm which has an attorney-client relationship with the victims of the offenses alleged, such violates defendant’s due process rights. Accordingly, the criminal action is dismissed without prejudice to the complainant pursuing his complaint with the District Attorney’s office.

. The procedures employed in the five counties of the City of New York as they relate to private prosecutions conducted under the authority of section 50 of the New York City Criminal Court Act are set forth in detail in the Report of the Task Force on the Civilian-Initiated Complaint Process in the New York City Criminal Court (Task Force Report) issued in June 1989. The Task Force was appointed by the Deputy Chief Administrative Judge for Courts in New York City and the Administrative Judge of the New York City Criminal Court to review the current system of civilian prosecutions and to develop recommendations and legislative proposals to address civilian complaints.

. In 1989, after reviewing the practices relating to private prosecutions in the Criminal Court of the City of New York, the Task Force on the Civilian-Initiated Complaint Process expressed the opinion that private prosecutions allow individuals "to use a criminal case to pursue their own personal aims” in direct contrast to prosecutions by public officials which pursue the interests of the people of the State as a whole. (Task Force Report, at 31.) The Task Force stated that "this practice undermines justice and the appearance of justice and it erodes the public’s confidence in the criminal justice system.” (Task Force Report, at 31.) Accordingly, the Task Force recommended that "the Criminal Court should no longer entertain civilian initiated complaints and should only adjudicate cases drawn and prosecuted by the duly-elected District Attorneys. Section 50 of the Criminal Court Act * * * should be repealed.” (Task Force Report, at 11.) Section 50 has not been repealed.

. The courts of other States and Federal courts which have considered this issue have divided on the question of whether private prosecutions by interested persons violate due process. (See, e.g., Commonwealth v Hubbard, 111 SW2d 882 [Ky Sup Ct 1989] [permitted attorney for decedent’s family to prosecute]; State v Harrington, 534 SW2d 44 [Mo Sup Ct en banc 1976] [prohibited prosecution by attorney retained by interested party]; Cantrell v Commonwealth, 229 Va 387, 329 SE2d 22 [Sup Ct 1985] [prohibited prosecution by attorney retained by interested party]; Brotherhood of Locomotive Firemen & Enginemen v United States, 411 F2d 312, 319 [5th Cir 1969] [prohibited private prosecution]; see also, State v Atkins, 163 W Va 502, 261 SE2d 55 [Sup Ct App 1979], which cites decisions of other States’ courts concerning this question.)