OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
The People in the instant case have declined to prosecute the charge of leaving the scene of an accident (Vehicle and Traffic Law § 600 [1] [a]) and failure to yield right of way (Vehicle and Traffic Law § 1141). Likewise, the Town Attorney declined to prosecute on the basis of his lack of jurisdiction to prosecute because of a failure of the District Attorney to authorize the Town Attorney to prosecute vehicle and traffic matters pursuant to sections 700 and 701 of the County Law.
*52 The complainant is the alleged victim of a hit-and-run accident purportedly caused by the defendant. The complainant’s vehicle was allegedly cut off by the defendant’s vehicle which caused it to become involved in an accident. In the case at bar, where both the Town Attorney and the District Attorney declined to prosecute, this matter was set down for trial where at said trial complainant himself would apparently undertake the prosecution.
Since the inception of this case, two courts have addressed the issue of the appropriateness of a person (either prosecutor or civilian) prosecuting a matter, when that "prosecutor” has a pecuniary or personal interest in the outcome of the prosecution. The decisions shed light on the case at bar.
In People v Benoit (152 Misc 2d 115 [Crim Ct, Kings County]), New York City Criminal Court Act § 50 was held unconstitutional in that it allowed a private citizen to commence and maintain a prosecution. The court cited findings of the Task Force on the Civilian Initiated Complaint Process (June 1989) which stated that the lack of "prosecutorial involvement erodes confidence in the criminal justice system”. The Benoit court held that: " 'The decision to prosecute must rest with professional assistance of duly elected prosecutors who can properly evaluate the merits of a case and who represent the interests of the People of the State of New York. Either a case warrants prosecution or it should not be brought in Criminal Court. The alternative is to allow any individual to use a criminal case to pursue his or her own personal aims. This practice undermines justice and the appearance of justice and it erodes the public’s confidence in the criminal justice system.’ ” (People v Benoit, supra, at 120, quoting Task Force Report, op. cit., at 31.)
Furthermore, and in the opinion of this court more importantly, the failure to provide a professional evaluation of such cases by a neutral prosecutor may result in improper charges and convictions and denies a defendant the due process of law. (People v Benoit, supra, citing Task Force Report, op. cit., at 31-32.) Likewise in People v Calderone (151 Misc 2d 530, 535 [Crim Ct, NY County]), the court determined that to allow a "private prosecution” where self-interested persons were allowed to prosecute, violates "contemporary standards of fair and impartial prosecution”. Quoting Young v United States ex rel. Vuitton et Fils (481 US 787, 810), the Calderone court concluded that such an occurrence constitutes an " 'error [which] is fundamental * * * [and] undermines confidence in *53 the integrity of the criminal proceeding’ (People v Calderone, supra, at 536.) " '[Appointment of an interested prosecutor raises such doubts. Prosecution by someone with conflicting loyalties "calls into question the objectivity of those charged with bringing a defendant to judgment.” ’ ” (People v Calderone, supra, at 536, quoting Young v United States ex rel. Vuitton et Fils, supra, at 810, quoting Vasquez v Hillery, 474 US 254, 263.)
Both Benoit and Calderone (supra) detail a change in the case law relative to the issue of private prosecutions. In People v Van Sickle (13 NY2d 61), the Court of Appeals upheld a defendant’s conviction in a case prosecuted by a civilian complainant. The Van Sickle court, however, maintained a concern that "private prosecutors” adhere to the same rules of fairness and law which would bind a public prosecutor. The court was apparently concerned about the conflict of interest which arises when a complainant (as in People v Van Sickle) retained his own private attorney to prosecute the defendant. Since Van Sickle, some courts have questioned the propriety of private citizen-prosecutors who are interested in the outcome of a case, prosecuting the case. In People v Zimmer (51 NY2d 390), the Court of Appeals reversed a conviction where the prosecuting District Attorney had a financial interest in a corporation which was a victim of the act for which the defendant was prosecuted.
While no court has held that it is unconstitutional in every case to permit a civilian to personally prosecute under facts as in the case at bar, this court is mindful of the duty of a prosecutor to do justice, and to provide a fair and impartial atmosphere within which a guilty defendant is held accountable, and the innocent exonerated. Where there exists a financial interest as in this case, or other personal interest, the prospect for a fair and impartial trial diminishes to the extent that the due process of law to which all defendants are entitled may cease to exist.
Therefore, unless and until the District Attorney and Town Attorney determine which office has the responsibility to prosecute this case, and one office or the other undertakes the prosecution of this case, the prosecution herein shall not be permitted, and the complainant Marvin Koplic is hereby disqualified from acting as a prosecutor in view of the appearance of a conflict of interest.
The parties are directed to appear on the date set for trial, *54 September 3, 1991 at 3:00 p.m. at which time the District Attorney shall advise the court whether it elects to undertake the prosecution of this case or in the alternative designate the Town Attorney to do so. The failure of either the District Attorney to make a designation pursuant to County Law § 701 or undertake the prosecution himself, would result in a dismissal of the charges pending against the defendant. The matter should be considered carefully by the People to ensure that justice is done to all parties.