OPINION OF THE COURT
Spolzino, J.P
May a district attorney delegate the prosecution of a criminal action to an attorney retained by the complaining witness? If *62 not, does the defendant’s remedy lie in a proceeding pursuant to CPLR article 78 in the nature of prohibition against the judge before whom the action is commenced? We conclude that such a delegation is improper and that relief is available in this proceeding.
These issues arise from an incident that occurred at a meeting of the Board of Managers of the Locust Grove Condominium in the Town of Fishkill. As a result of that incident, the petitioner was charged, upon the complaints of Jonathan Dallar and Heidi Braun, with the violation of harassment in the second degree (see Penal Law § 240.26). Conviction of that offense may result in imprisonment for up to 15 days (see Penal Law § 70.15 [4]). Dallar was charged, upon the complaint of the petitioner, with the same violation. The informations by which these charges were asserted were filed in the Justice Court of the Town of Fishkill.
At the initial appearance with respect to these matters, the Assistant District Attorney advised the court that William V Grady, the Dutchess County District Attorney (hereinafter the District Attorney) would not prosecute because the charges consisted of noncriminal violations that did not involve domestic violence. The matters were adjourned and, on the adjourned date, the respondent Town Justice directed the complainants to retain attorneys who would be designated by the District Attorney to prosecute the complaints. Dallar, who was represented by retained counsel in the action against him, retained a separate attorney to prosecute the complaint against the petitioner, and that attorney was designated by the District Attorney to do so. The petitioner, who was represented in the action against her by the public defender, was unable to afford to retain an attorney to prosecute the complaint against Dallar.
At the next appearance, the respondent granted Dallar’s motion to dismiss the complaint against him on the ground that there was no prosecutor to pursue it. The complaint against the petitioner was adjourned for trial. The petitioner then commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition. After counsel for the respondent advised the Supreme Court that the respondent would not oppose the relief requested in the petition, the District Attorney moved for, and was granted, leave to intervene. The District Attorney did not dispute the factual allegations made in the petition and admitted that he had declined to prosecute the complaints here, and had designated private counsel to do so, pursuant to “a *63 long standing policy of not assigning Assistant District Attorneys to prosecute violations” such as those at issue here, which policy is the “result of the limited resources allocated to the District Attorney’s Office.”
The Supreme Court granted the petition to the extent of prohibiting the respondent from proceeding with the prosecution of the petitioner “if prosecution is not by the District Attorney, or an Assistant District Attorney.” We agree that the petition should be granted, but would not preclude the District Attorney from delegating prosecution of the complaint to an attorney outside of his office as long as that attorney has not been retained by the complaining witness. Therefore, we modify the judgment of the Supreme Court to that extent and, as so modified, affirm.
Where prohibition is sought, the first issue is whether it may be available in the situation presented (see Matter of B.T. Prods, v Barr, 44 NY2d 226, 231 [1978]).
“[A] petitioner seeking a writ of prohibition must demonstrate that: (1) a body or officer is acting in a judicial or quasi-judicial capacity, (2) that body or officer is proceeding or threatening to proceed in excess of its jurisdiction and (3) petitioner has a clear legal right to the relief requested” (Matter of Garner v New York State Dept, of Correctional Servs., 10 NY3d 358, 361-362 [2008]).
In addition, because the remedy is discretionary, a court that is asked to impose prohibition
“must weigh a number of factors: the gravity of the harm caused by the act sought to be performed by the official; whether the harm can be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity; and whether prohibition would furnish a more complete and efficacious remedy even though other methods of redress are technically available” (Matter of Rush v Mordue, 68 NY2d 348, 354 [1986] [internal quotation marks and ellipsis omitted]).
The relief the petitioner seeks here is a judgment prohibiting the respondent Town Justice from proceeding with the trial of the criminal action. Since the respondent was indisputably acting in a judicial capacity in connection with the impending trial, the first element of the petitioner’s prohibition claim is *64 established. It is equally certain, however, that the respondent is proceeding within his jurisdiction in doing so, since it is within the jurisdiction of the Justice Court to try alleged violations under the Penal Law (see CPL 10.30 [1] [a]; UJCA 2001). Viewing this proceeding solely as a challenge to the action of the respondent Town Justice, therefore, at least one of the legal predicates for the petitioner’s prohibition claim is missing.
The real issue here, however, is not the conduct of the respondent Town Justice in proceeding to trial, but rather, the action of the District Attorney in delegating authority to prosecute to an attorney retained by the complainant. Prohibition may properly be invoked even where the court has jurisdiction, when the prosecutor threatens to act beyond his or her authority (see Matter of Rush v Mordue, 68 NY2d at 353; Matter of Schumer v Holtzman, 60 NY2d 46, 51 [1983]; Matter of B.T. Prods, v Barr, 44 NY2d at 231). That is precisely the claim presented by the petitioner here. Moreover, although the District Attorney was not initially a party to this proceeding, his motion for leave to intervene was granted. Thus, if the petitioner can satisfy the third element of a prohibition claim, by demonstrating that she has a clear legal right to the relief requested, and the discretionary factors weigh in the petitioner’s favor, prohibition will lie.
The private prosecution of a criminal complaint has its origin in the trial by combat that was a fixture of early English common law (see State v Storm, 141 NJ 245, 250, 661 A2d 790, 793 [1995]). The American courts quickly moved away, however, from the concept that the criminal law is an instrument of private vengeance and recognized that the purpose of a criminal prosecution is to redress a public wrong (see Bessler, The Public Interest and the Unconstitutionality of Private Prosecutors, 47 Ark L Rev 511, 516). Although the unfettered right of private prosecution is still recognized in some jurisdictions (see Cronan ex rel. State v Cronan, 774 A2d 866 [RI 2001]; Hall v State, 411 So 2d 831 [Ala 1981]; State v Cockrell, 131 Mont 254, 309 P2d 316 [1957]; State v Ray, 102 Ohio App 395, 143 NE2d 484 [1956]), the majority have either prohibited the practice altogether or limited the private prosecutor to acting under the control of the public prosecutor (see e.g. Cantrell v Commonwealth, 229 Va 387, 329 SE2d 22 [1985], cert denied 496 US 911 [1990]; Ballard v State, 519 SW2d 426 [Tex 1974]; State v Moose, 310 NC 482, 313 SE2d 507 [1984]; People v Farnsley, 53 III 2d 537, 293 NE2d 600 [1973]; Oglesby v State, 83 Fla 132, 90 So 825 [1922]; People v Powell, 87 Cal 348, 25 P 481 [1891]; Biemel v State, 71 Wis 444, 37 NW 244 [1888]).
*65 In New York, the authority to prosecute a criminal offense generally rests with the local district attorney (see County Law § 700 [1]), as it has since 1801 (see Matter of Lewis v Carter, 220 NY 8, 13 [1917]; People v Vlasto, 78 Misc 2d 419, 421 [1974]). “[T]he District Attorney is the prosecutorial officer with the responsibility to conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he [or she] serves” (People v Di Falco, 44 NY2d 482, 486 [1978]; see Matter of Holtzman v Hellenbrand, 130 AD2d 749, 751 [1987]). “It is well-settled that the decision whether to prosecute is entrusted to the sole discretion of the District Attorney” (.Matter of Nieblas v Kings County Dist. Attorney, 209 AD2d 703 [1994]). The Criminal Procedure Law defines the term “[p]rosecutor” as “a district attorney or any other public servant who represents the people in a criminal action” (CPL 1.20 [31]).
The broad authority of the district attorney with respect to the initiation and prosecution of criminal offenses does not mean, of course, that the district attorney must try every case himself or herself. The district attorney may delegate prosecutorial authority to assistants (see Matter of Schumer v Holtzman, 60 NY2d at 53), as well as to public officials outside the district attorney’s office, such as a state trooper (see People v Soddano, 86 NY2d 727, 728 [1995]), a deputy sheriff (see People v DeLeyden, 10 NY2d 293, 294 [1961]), or a deputy town attorney (see People v Czajka, 11 NY2d 253, 254 [1962]). In addition, when the district attorney is unable to appear or is disqualified from proceeding, a superior criminal court may appoint the district attorney of another county or a private attorney to undertake the duties of the prosecutor (see County Law § 701 [1]). Finally, when the governor deems it appropriate, the governor may designate the attorney general to prosecute in place of the district attorney (see Executive Law § 63 [2]).*
The delegation at issue here does not fall within any of these categories. Rather, the delegee is an attorney who has been retained by the complaining witness for the sole purpose of prosecuting the alleged offense. There is no statutory authority for such a delegation. The District Attorney asserts, however, that the Court of Appeals has endorsed such delegations in *66 People v Van Sickle (13 NY2d 61 [1963]). There is a facial appeal to the District Attorney’s argument in this regard. Nevertheless, upon closer analysis, the holding in Van Sickle is not as broad as the District Attorney would have us read it. As we see it, moreover, to the extent that Van Sickle can be read as supporting the conclusion the District Attorney would have us reach, its authority has been compromised by the more recent holdings of the Court of Appeals with respect to the proper role of the prosecutor in a criminal case.
The issue in Van Sickle was narrowly defined by Chief Judge Desmond, writing for the majority, as “must a criminal conviction be reversed solely because the lay complaining witness was allowed to conduct the prosecution” (id. at 62). In holding that reversal was not required, the Court of Appeals wrote, as Judge Van Voorhis noted in concurring, against a common-law background in New York that recognized the right of a complainant to prosecute minor offenses personally (id. at 64; see People v Citadel Mgt. Co., 78 Misc 2d 626 [1974]; Matter of Santacrose v Bean, 52 Misc 2d 167 [1964]). Unlike the concurring judges, however, the majority did not rely on that authority to reach its conclusion. The majority determined only that it was sufficient to sustain the conviction that the prosecution before it did not violate the District Attorney’s statutory responsibility to prosecute. To the extent that the Court impliedly approved the delegation of prosecutorial authority to a private individual, provided that the District Attorney had “set up a system” for monitoring those prosecutions, it did so expressly in dictum.
The reluctance of the Van Sickle majority to embrace the broader holding urged by the concurring judges evidences the Court’s concern about the evolving role of the public prosecutor in our criminal justice system.
“The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done” (Berger v United States, 295 US 78, 88 [1935]).
The duty of the district attorney, therefore, is not merely to obtain convictions, but to see that justice is done (see People v Santorelli, 95 NY2d 412, 420-421 [2000], cert denied 532 US 1008 [2001]; People v Steadman, 82 NY2d 1, 6 [1993]; People v *67 Bailey, 58 NY2d 272, 277 [1983]; ABA Standards for Criminal Justice, Prosecution Function and Defense Function, standard 3-1.2 [c] [3d ed 1993]). The practical obligations that flow from the prosecutor’s duty to do justice have given heightened recognition to the singular nature of that role (see Brady v Maryland, 373 US 83, 87 [1963]; People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]).
The duty of a prosecutor is thus somewhat different from that of an attorney retained by a party, as the canons of professional ethics recognize (see Code of Professional Responsibility EC 7-13). The attorney’s obligation is to exercise professional judgment “solely for the benefit of the client and free of compromising influences and loyalties” (Code of Professional Responsibility EC 5-1), to represent the client zealously within the bounds of the law (see Code of Professional Responsibility Canon 7), and “to seek the lawful objectives of the client through reasonably available means permitted by law and the Disciplinary Rules” (Code of Professional Responsibility DR 7-101 [a] [1] [22 NYCRR 1200.32 (a) (1)]). In the case of the prosecutor, all of these obligations flow not to the complainant, but to the public, which is the client (see People v Harris, 154 Misc 2d 554, 558 [1992]; see also Berger v United States, 295 US at 88; People v Zimmer, 51 NY2d 390, 393 [1980]; ABA Standards for Criminal Justice, Prosecution Function and Defense Function, standard 3-1.3, commentary [3d ed 1993]). In light of this, the conflict inherent in permitting the prosecutor to be paid by the complainant is readily apparent (see People v Garfield, 152 Misc 2d 51 [1991]; People v Benoit, 152 Misc 2d 115 [1991]; People v Calderone, 151 Mise 2d 530 [1991]).
While it is true that the Code of Professional Responsibility permits an attorney, with the client’s consent, to accept payment from a third party (see DR 5-107 [22 NYCRR 1200.26]), that provision simply does not contemplate the unique role of the public prosecutor. “The prosecutor is appointed solely to pursue the public interest ... A private attorney appointed to prosecute a criminal [offense] therefore certainly should be as disinterested as a public prosecutor who undertakes such a prosecution” (Young v United States ex rel. Vuitton et Fils S. A., 481 US 787, 804 [1987]). “The administration of justice must not only be above reproach, it must also be beyond the suspicion of reproach” (People v Savvides, 1 NY2d 554, 556 [1956]). Thus, even assuming that the District Attorney, as the public official charged with prosecutorial responsibility, could consent on *68 behalf of the public to such an arrangement, the conflict is not resolved.
Moreover, even the statutory authority of the district attorney to prosecute must yield when a conflict of interest potentially impairs the prosecutor’s obligation to do justice (see People v Shinkle, 51 NY2d 417 [1980]; People v Zimmer, 51 NY2d 390 [1980]). In Zimmer, the District Attorney was also the general counsel of, and a shareholder in, the corporation that was allegedly the victim of the crime. Recognizing the unique role of the public prosecutor, and the inherent conflict between the District Attorney’s public and private roles, the Court of Appeals held that the defendant’s motion to dismiss the indictment should have been granted even without any proof that the District Attorney had acted improperly or prejudiced the defendant. The delegation of prosecutorial authority to an attorney retained by the complaining witness would, essentially, place the attorney in the same position as the disqualified District Attorney in Zimmer.
At bottom, the prosecution of a criminal offense is a public function, not a private one. “Every accusatory instrument, regardless of the person designated therein as accuser, constitutes an accusation on behalf of the state as plaintiff and must be entitled ‘the people of the state of New York’ against a designated person, known as the defendant” (CPL 1.20 [1]).
“The idea that the criminal law, unlike other branches of the law such as contracts and property, is designed to vindicate public rather than private interests is now firmly established. The participation of a responsible public officer in the decision to prosecute and in the prosecution of the charge gives greater assurance that the rights of the accused will be respected . . . The absence of a trained prosecution official risks abuse or casual and unauthorized administrative practices and dispositions that are not consonant with our traditions of justice” (ABA Standards for Criminal Justice, Prosecution Function and Defense Function, standard 3-2.1, commentary [3d ed 1993]).
Prosecution of a criminal complaint by an attorney retained by the complaining witness is simply inconsistent with these principles.
For these reasons, we conclude that the District Attorney may not delegate the authority to prosecute a criminal offense *69 to an attorney retained by the complaining witness. We further conclude that, weighing the equitable factors that must be considered, a remedy in the nature of prohibition is appropriate (see Matter of Dondi v Jones, 40 NY2d 8, 15 [1976]; La Rocca v Lane, 37 NY2d 575, 580 [1975], cert denied 424 US 968 [1976]). Recognizing, however, that the authority to prosecute may properly be delegated by the District Attorney to other public officials (see People v Soddano, 86 NY2d 727, 728 [1995]; People v Czajka, 11 NY2d 253, 254 [1962]; People v DeLeyden, 10 NY2d 293, 294 [1961]), we modify the judgment of the Supreme Court, by deleting the provision thereof stating “if prosecution is not by the District Attorney, or an Assistant District Attorney” and substituting therefor a provision stating “if prosecution is by an attorney retained by the complainant.” As so modified, the judgment is affirmed.
Florio, Angiolillo and Dickerson, JJ., concur.
Ordered that the judgment is modified, on the law, by deleting the provision thereof stating “if prosecution is not by the District Attorney, or an Assistant District Attorney” and substituting therefor a provision stating “if prosecution is by an attorney retained by the complainant”; as so modified, the judgment is affirmed, without costs or disbursements.

 No issue is presented here as to the extent New York City Criminal Court Act § 50 may provide authority for private prosecutions (see People v Vial, 132 Misc 2d 5 [1986]). However, courts have questioned the prudence of doing the same (see People v Benoit, 152 Misc 2d 115, 120 [1991]; People v Calderone, 151 Misc 2d 530, 535-536 [1991]).