*857 OPINION OF THE COURT
Howard M. Aison, J.
Defendant was charged by an accuser, without any police or prosecutorial assistance or approval, with stalking in the fourth degree. He was arraigned on December 8, 2009 and entered a plea of not guilty. By notice of motion dated April 2, 2010 the defendant moves to dismiss the accusatory instrument contending that the accuser had no right to self charge. By affirmation in opposition of April 20, 2010 the People oppose the motion.
Two cases that defendant has cited support his position. The Criminal Court of the City of New York held that an accuser may not either commence or pursue a criminal action and the criminal action was dismissed without prejudice to the accuser pursuing his complaint with the District Attorney’s Office (People v Calderone, 151 Misc 2d 530 [1991]). The Federal District Court of the Northern District of New York, citing Calderone, held that an accuser would not personally be able to commence a New York State criminal action against a person who vandalized his home (Kampfer v Vonderheide, 216 F Supp 2d 4 [2002]). This court respectfully disagrees with the holding of both cases.
Every accusatory instrument, regardless of the person designated therein as accuser, constitutes an accusation on behalf of the State as plaintiff and must be entitled “the people of the state of New York” against a designated person, known as the defendant (CPL 1.20 [1]). A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 [17]; 100.05). An information or misdemeanor complaint is a written accusation by a person filed in the local criminal court (CPL 100.10 [1], [4]). A simplified information is a written accusation by a police officer filed in the local criminal court (CPL 100.10 [2] [a], [b], [c]). A prosecutor’s information is a written accusation by a district attorney filed in the local criminal court (CPL 100.10 [3]). It is notable, even though the district attorney is solely responsible for prosecuting persons accused of a crime (County Law § 700; Della Pietra v State of New York, 71 NY2d 792 [1988]), that the legislature did not limit the filing of an information or misdemeanor complaint to a district attorney or require a district attorney’s prior approval before these accusatory instruments are accepted by the court for filing. A police officer, although under no legal obligation to assist a “walk-in” accuser in preparing and filing an information or misdemeanor complaint, has no authority to *858 prevent an accuser from filing an accusatory instrument directly with the court as doing so would constitute an interference with the duty given solely to the prosecutor to determine who and in what manner a person should be prosecuted (People v Di Falco, 44 NY2d 482 [1978]; People v Harding, 44 AD2d 800 [1974]).
Various courts in this state have held that an accuser may prepare and file an information or misdemeanor complaint with a local criminal court without the need of any prior intervention from governmental authorities (People v Vladik, 145 Misc 2d 594 [1989]; Artis v Keegan, 11 Misc 2d 638 [1974]; Matter of Maynard v Shanker, 59 Misc 2d 55 [1969]).
Requiring an accuser to have the district attorney review a complaint before a local criminal court filing would impose a burden on that office requiring the conducting of office interviews with accusers, investigations, and even preparation of the accusatory instrument if the police prior thereto decided not to assist the accuser.
In addition to a malicious prosecution cause of action, the accused, charged by an accuser without prior governmental intervention, is secured due process and is protected by various provisions in the Criminal Procedure Law. When a criminal action is commenced in a criminal court a copy of the accusatory instrument shall be promptly transmitted to the appropriate district attorney (CPL 110.20). This obligation falls upon the police if the police officer is the complainant or has.arrested the accused and in all other cases the clerk of the court shall transmit the papers to the district attorney. The court, after the filing of the accusatory instrument, may issue a summons requiring the accused to appear in court on some future date, giving the district attorney time within which to review the accusatory instrument and determine whether or not it will be prosecuted (CPL 130.10 [1]). The court, if the accusatory instrument is not sufficient on its face and if the court is satisfied on the basis of available facts or evidence that it would be impossible to draw and file an accusatory instrument that was sufficient on its face, must dismiss the accusatory instrument (CPL 120.20 [1] [b]). Even if the accusatory instrument is sufficient on its face the court can conduct an inquiry or an examination of witnesses in order to satisfy itself that there is reasonable cause to believe that the accused committed the offense charged (CPL 120.20 [2]). All of these sections establish procedures that contemplate an event whereby an accusatory instrument is filed by an accuser directly with the court.
*859 This court concludes that an accuser may prepare an accusatory instrument and thereafter file the same with the court without prior district attorney or police involvement.
The defendant’s motion of April 2, 2010 to dismiss the accusatory instrument filed is hereby denied.