**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

MICHAEL ED ERIKSON,

       Plaintiff-Appellant,

v.

PAWNEE COUNTY BOARD OF
COUNTY COMMISSIONERS,
Pawnee County, an Oklahoma
political subdivision, ex rel.;
LARRY STUART, in his official
capacity as District Attorney for
Osage and Pawnee Counties;
HARLAND STONECIPHER,
individually and as President of the
Oklahoma Sportsman's Association;
OKLAHOMA SPORTSMAN'S
ASSOCIATION; MICHAEL
TURPEN, individually and as an
employee and shareholder of the
law firm Riggs, Abney, Neal,
Turpen, Orbison & Lewis, Inc.;
RIGGS, ABNEY, NEAL,
TURPEN, ORBISON, & LEWIS,
INC., an Oklahoma professional
corporation,

       Defendants-Appellees.

No. 00-5190

---

Submitted on the briefs:

Brett D. Sanger of Brett D. Sanger, P.C., Oklahoma City, Oklahoma, for Plaintiff-Appellant.

S.M. Fallis, Jr., of Nichols, Wolfe, Stamper, Nally, Fallis & Robertson, Inc., and Douglas A. Wilson of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Inc., Tulsa, Oklahoma, for Defendants-Appellees.

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

**SEYMOUR**, Circuit Judge.

Plaintiff Michael Ed Erikson is appealing the district court's dismissal of his civil rights claims brought under 42 U.S.C. § 1983. [1] The district court dismissed plaintiff's case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We review the district court's dismissal de novo "accepting the well-pleaded allegations of the complaint as true and construing them in the

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

light most favorable to the plaintiff." *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997) (quotation omitted). We affirm.

I.

On June 26, 1992, plaintiff shot and killed Tony McCollum and Fred Head on his family's ranch property. Although plaintiff claimed he killed McCollum and Head in self defense, he was subsequently charged with two counts of first degree murder in Pawnee County, Oklahoma. At plaintiff's trial, the jury was instructed on murder, voluntary manslaughter, and self defense, and acquitted plaintiff on all charges for the death of Head. The jury could not reach a unanimous verdict with respect to the charges for the death of McCollum, and a mistrial was declared. Plaintiff was retried on the charge of voluntary manslaughter for the death of McCollum. At the second trial, the jury again failed to reach a unanimous verdict on the manslaughter charge, and another mistrial was declared. A third prosecution on the charge of voluntary manslaughter for the death of McCollum was dismissed without prejudice.

Plaintiff then filed suit against defendants under § 1983 alleging that they violated his federal civil rights by conspiring to prosecute him for the deaths of Head and McCollum without probable cause or sufficient evidence. Plaintiff further alleged that his federal due process rights were violated because the private defendants (the Oklahoma Sportsman's Association (OSA), Harland

Stonecipher, who is the president of the OSA, and attorney Michael Turpen and his law firm, who represented the Head and McCollum families) actively participated in and influenced the state prosecution. Specifically, plaintiff alleged the OSA raised in excess of $25,000 from its membership and contributed the money to defendant Turpen for use in providing research assistants and investigators to assist defendant Stuart in prosecuting plaintiff.[2] Plaintiff also asserted state law claims against defendants for malicious prosecution, malicious abuse of process, civil conspiracy, intentional infliction of emotional distress, and punitive damages.

Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). The magistrate judge recommended that the district court grant the motions on the grounds that: (1) under Oklahoma law, a district attorney is an arm of the state and thus defendant Pawnee County is not liable for the official acts of defendant Stuart, *see Arnold v. McClain*, 926 F.2d 963, 965-66 (10th Cir. 1991); (2) as a state officer under Oklahoma law, defendant Stuart is entitled to Eleventh Amendment immunity from actions against him in his official capacity, *see id.* at 966; (3) defendant Stuart is not liable to plaintiff in his individual capacity

---

[2] Plaintiff alleges that Oklahoma law prohibited defendant Stuart from accepting assistance from the private defendants in prosecuting plaintiff. We agree with the conclusion of the magistrate judge that, without more, any such violation of state law is not actionable under § 1983.

because: (a) he is entitled to absolute prosecutorial immunity from suits under § 1983, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and (b) he is entitled to qualified immunity because plaintiff failed to allege sufficient facts showing he violated a clearly established federal statutory or constitutional right, *see Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); [3] and (4) plaintiff failed to state a claim against the private defendants under § 1983 because he failed to allege sufficient facts to show their conduct violated a federal statutory or constitutional right. The district court accepted the magistrate judge's recommendations and granted defendants' motions to dismiss.

## II.

We agree with the magistrate judge's analysis. For additional reasons not expressly articulated by the magistrate judge, we also agree that plaintiff has failed to allege a federal constitutional violation. First, the participation of a privately-retained attorney in a state criminal prosecution does not violate the defendant's right to due process under federal law unless the private attorney

---

[3]     Plaintiff contends he could have overcome defendant Stuart's qualified immunity defense if the district court had permitted him to file an amended complaint. However, after defendants filed their motions to dismiss, plaintiff only sought leave to amend with respect to defendant Stuart to assert a claim against him in his individual capacity without requesting leave to amend any of the substantive allegations in his complaint. Moreover, plaintiff has failed to identify any additional relevant facts that he could have included in an amended complaint to defeat defendant Stuart's qualified immunity defense.

effectively controlled critical prosecutorial decisions. *See East v. Scott*, 55 F.3d 996, 1000-01 (5th Cir. 1995); *Person v. Miller*, 854 F.2d 656, 663-64 (4th Cir. 1988). Such decisions include "whether to prosecute, what targets of prosecution to select, what investigative powers to utilize, what sanctions to seek, plea bargains to strike, or immunities to grant." *Person*, 854 F.2d at 664. Plaintiff has not alleged that defendant Turpen exercised control over any critical prosecutorial decisions. Instead, plaintiff only alleges that defendant Turpen, acting on behalf of the OSA, provided research assistants and investigators to assist defendant Stuart. This is insufficient to state a claim for a federal due process violation.[4]

Second, plaintiff has failed to allege sufficient facts to support a Fourth Amendment claim for malicious prosecution under § 1983. In this circuit, state law provides the starting point for analyzing a Fourth Amendment claim for malicious prosecution under § 1983. *See Taylor v. Meacham*, 82 F.3d 1556,

---

[4] In *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 809 (1987), the Supreme Court held that an attorney for a party in a position to gain from a criminal contempt proceeding cannot be appointed by the district court to prosecute the party charged with contempt. The Court determined that, because of the inherent conflict of interest and potential for misconduct, the use of an interested private attorney to prosecute a contempt citation is fundamental error. *Id.* at 814. *Young* is distinguishable because, unlike the situation here, the private attorney was the government's sole representative in the contempt trial, *see East*, 55 F.3d at 1000 n.2, and he had complete authority over all aspects of the prosecution, *see Person*, 854 F.2d at 662-63. *Young* is also distinguishable on the grounds that the Supreme Court decided the case under its supervisory power over the federal courts, and not as a matter of federal constitutional law. *See Young*, 481 U.S. at 790; *East*, 55 F.3d at 1000 n.2.

1561-62 (10th Cir. 1996). Under Oklahoma law, a lack of probable cause to bring a criminal prosecution is an essential element of the tort of malicious prosecution. *See Parker v. City of Midwest City*, 850 P.2d 1065, 1067 (Okla. 1993). Here, beyond the conclusory allegation in his complaint that no probable cause existed, plaintiff has not alleged any specific facts showing there was a lack of probable cause for his arrest and prosecution on the charges of first degree murder. Plaintiff's conclusory allegation is insufficient to survive defendants' motions to dismiss. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim"); *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990) (stating that district court is not required to accept "footless conclusions of law" in ruling on motion to dismiss).[5]

---

[5] Plaintiff has also failed to state a claim under federal law for abuse of process. As with claims for malicious prosecution, state law provides the elements for a claim of abuse of process under § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994). Under Oklahoma law, an "ulterior or improper purpose" is an essential element of the tort of abuse of process. *Callaway v. Parkwood Village, L.L.C.*, 1 P.3d 1003, 1004 (Okla. 2000). Because plaintiff has failed to allege facts showing that defendants conspired to prosecute him with an ulterior or improper motive separate and apart from the alleged desire to obtain first degree murder convictions without probable cause, plaintiff's allegations should only be analyzed in terms of an attempt to plead a claim for malicious prosecution. *See Wolford v. Lasater*, 78 F.3d 484, 490 (10th Cir. 1996) (explaining differences between abuse of process and malicious prosecution and holding that challenge to allegedly baseless criminal prosecution is more appropriately characterized as claim for malicious prosecution).

Finally, plaintiff has alleged a number of additional wrongs in connection with his criminal prosecution, including that: (1) state law enforcement officials contorted his voluntary statements; (2) the OSA issued false media releases; (3) unidentified OSA members disrupted plaintiff's trials and made death threats to plaintiff; (4) the hold-out juror for a conviction in plaintiff's first trial was a friend of McCollum's and he perjured himself to become a juror; and (5) defendants caused a groundless civil suit to be filed against plaintiff. While these allegations are troubling, plaintiff has failed to articulate a federal constitutional claim based on any of these alleged wrongs, and/or he has failed to link any of the named defendants to the alleged misconduct.

We AFFIRM the district court's order of dismissal. [6]

---

[6] The district court's order of dismissal did not specifically address plaintiff's state law claims. However, plaintiff has not raised any issues on appeal with respect to his state law claims, and we will assume that, pursuant to 28 U.S.C. § 1367(c)(3), the district court has declined to exercise supplement jurisdiction over the state law claims. *Cf. Taylor*, 82 F.3d at 1564, n.11 (affirming district court order granting defendant summary judgment in § 1983 case even though district court failed to specifically address plaintiff's state law claims).