**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FERNANDO HERRERA,

     Plaintiff - Appellant,

v.

COUNTY OF SANTA FE;
BENJAMIN MONTANO; RAYMOND
SISNEROS; MARCOS LUCERO;
RUDY ESTRADA; LAWRENCE
BARRERAS, individually and in their
capacity as Wardens, Santa Fe County
Jail; WILFRED ROMERO,
individually and in his capacity as
Assistant Facility Manager, Santa Fe
County Jail; JAMES COATS;
DANIEL BOLTON; SANTA FE
COUNTY DETENTION CENTER,
and/or Cornell Corrections, Inc.,
RONNIE ARMENTA,

     Defendants - Appellees.

No. 03-2099
(D.C. No. CIV-00-766-BB/DJS)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Fernando Herrera, an inmate at the Santa Fe County Detention Center, brought this action under 42 U.S.C. § 1983 alleging that prison officials used excessive force against him during an altercation on November 10, 1998, in violation of his constitutional rights. The district court dismissed his claims without prejudice because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). We AFFIRM.

Herrera's complaint arises out of an altercation in which he was shot by a prison guard with a beanbag round, causing injuries that required three days hospitalization and that ultimately resulted in the loss of a testicle.[1] Herrera does not contest that the Santa Fe County Detention Center had a grievance procedure in place at that time, and that he did not make use of that procedure after the November 1998 shooting. Instead, he argues that the PLRA's exhaustion requirement did not apply to him at the time of that incident, that other grievances he filed prior to that incident should suffice to satisfy the exhaustion requirement,

---

[1] The parties give conflicting reports of the events giving rise to the November 1998 shooting. According to Herrera, prison guards acted maliciously for the purpose of punishing, silencing, and demeaning him. In contrast, prison officials reported that the altercation took place after Herrera assaulted a prison guard, took the guard's keys, released another inmate from his cell, seized metal window covers to use as weapons, threatened other guards, and refused to obey orders to return to his cell.

and that the prison's grievance procedure was not "available" to him in practice because he was hospitalized after the shooting and later placed in segregation. The district court properly rejected each of these arguments.[2]

In the PLRA, Congress established that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).[3]  In Porter v. Nussle, the Supreme Court clarified that this exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  534 U.S. 516, 532 (2002).

The district court correctly declined Herrera's invitation to ignore the Supreme Court's interpretation of the law on the grounds that Nussle was decided

---

[2] Although Herrera was represented by counsel at the district court level, he brings this appeal pro se.  Accordingly, we construe his arguments to this court liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  We will not, however, address the arguments Herrera raises for the first time on appeal.  See Creative Gifts, Inc. v. UFO, 235 F.3d 540, 545 (10th Cir. 2000) ("Issues not raised in the district court are considered on appeal only under exceptional circumstances or to prevent manifest injustice.").

[3] This requirement applies to prisoners like Herrera who are confined in facilities operated by a private entity on a state's behalf.  See 42 U.S.C. § 1997e(a) (the PLRA's exhaustion requirement applies to prisoners "confined in any jail, prison, or other correctional facility").

after the November 1998 shooting incident.  When the Supreme Court applies federal law to the parties before it, that Court's interpretation of the law is controlling and must be given full retroactive effect in all cases still open on direct review.  Harper v. Va. Dept. of Taxation, 509 U.S. 86, 97 (1993); see also Beaudry v. Corrections Corp. of America, 331 F.3d 1164, 166-67 (10th Cir. 2003) (applying a Supreme Court decision interpreting the PLRA that was decided while the case at bar was pending); Yousef v. Reno 254 F.3d 1214, 1221 (10th Cir. 2001) (same).  Accordingly, Herrera was required under the PLRA to exhaust his administrative remedies before bringing this § 1983 action.

Herrera's next argument – that he exhausted administrative remedies with respect to these claims by filing other grievances before the shooting took place – is meritless.  The fact that Herrera complained of abusive treatment in the past does not excuse his complete failure to take advantage of the prison's procedures for redressing any separate claims based on the November 1998 shooting.  The PLRA requires prisoners to exhaust administrative remedies in order to allow prisons to address specific complaints internally and thus obviate the need for litigation, to filter out some frivolous claims, and to create an administrative record that would help resolve complaints that are ultimately brought to court.  Nussle, 534 U.S. at 525.  These purposes would be frustrated were we to agree with Herrera that a prisoner who has previously complained of abuse somehow

- 4 -

has a free ticket to bring similar complaints in the future based on wholly separate incidents without complying with the prison's internal grievance process.

Finally, we find nothing in the record to support Herrera's contention that no administrative remedy was "available" in this case. Although Herrera alleges that he was hospitalized for three days and later placed in segregation, he does not explain how this might have prevented him from filing a grievance. Cf. Yousef, 254 F.3d at 1216 (affirming dismissal for failure to exhaust administrative remedies, though the prisoner was segregated in an isolated soundproof cell). Although he alleges he was "initially denied access" to standardized grievance forms with respect to his prior complaints, he admits that he eventually received those forms and that he has been able to file grievances in the past. Furthermore, to the extent Herrera argues that the prison's administrative remedy was not available because it was unlikely to give him effective relief, the Supreme Court has already rejected his argument. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Nussle, 534 U.S. at 524 (citation omitted).

The judgment of the district court dismissing Herrera's claims without prejudice is hereby AFFIRMED.[4]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4] The district court did not expressly discuss Herrera's state law claims. We assume that the court, having dismissed Herrera's § 1983 claims for failure to exhaust administrative remedies, declined to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. §1367(c)(3) and therefore dismissed those claims without prejudice. See Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1155 n.6