F I L E D
United States Court of Appeals
Tenth Circuit

FEB 5 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICK TURRIETTA,

      Plaintiff-Appellant,

v.

LAWRENCE BARRERAS, Senior
Warden, Valencia County Detention
Center; JOHN DOE, also known as
Capt. Menjia, also known as C/O Diaz,
Valencia County Detention Center,

      Defendants-Appellees.

No. 02-2343
(D.C. No. CIV-01-680 JP/LFG)
(D. N.M.)

---

ORDER AND JUDGMENT  *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and   **BRORBY** , Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Rick Turrietta, a state inmate appearing pro se, appeals from the district court's order adopting the magistrate judge's recommendation to dismiss without prejudice his action brought under 42 U.S.C. § 1983 on the ground that he did not exhaust administrative remedies. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Turrietta's claims arose from an incident occurring in October of 2000, while he was a pretrial detainee in the Valencia County Detention Center. He alleges that he was injured during a strip search during which jail personnel used excessive force, and that he was denied necessary medical and psychological treatment for those injuries. Following the incident at the Valencia County facility, he was transferred to the Santa Fe County Detention Facility. Both jails were run by the same private entity, and both maintained inmate grievance procedures. There is no dispute that Mr. Turrietta did not file a grievance or other administrative complaint.

A jail detainee must exhaust administrative grievances before filing his civil rights lawsuit in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail . . . until such administrative

remedies as are available are exhausted."). Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). The exhaustion requirement applies to a single incident of unreasonable force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). We review de novo a district court's determination that a prisoner failed to exhaust administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[W]e will assume, without deciding, that [§ 1997e(a)] applies to private prisons." *Beaudry v. Corr. Corp of Am.*, 331 F.3d 1164, 1166 (10th Cir. 2003), *cert. denied*, 2004 WL 47068, (U.S. Jan. 12, 2004).

Mr. Turrietta does not contest defendants' position that in order to exhaust administrative remedies, he was required to file a grievance with jail personnel, which he did not do. He asserts, however, that he should be excused from the exhaustion requirement. Because exhaustion under § 1997e(a) is not jurisdictional, *Steele v. Fed. Bureau of Prisons*, No. 02-1492, 2003 WL 23019855, *3 (10th Cir. Dec. 29, 2003), we consider Mr. Turrietta's reasons for not filing a grievance.

Mr. Turrietta claims that he should be excused from the exhaustion requirement for the following reasons: (1) he was prevented from filing a grievance because he was moved from jail to jail and was kept in solitary confinement until the deadline for filing had passed; (2) he was never informed of the grievance procedure; (3) administrative remedies were not "available" because

they did not permit requests for money damages by jail detainees; (4) a jail warden told him that if he complained, he would be transferred to another jail, where he could not get any visits; and (5) the jail rules, including the grievance policy, were not in effect at the time of his incident, as evidenced by the various revision dates on the forms that prove they were back dated.

Addressing these claims in order, we first determine that Mr. Turrietta has not alleged facts to support his charge that he could not have filed a grievance while at the transferee jail or while in solitary confinement. The mere fact that he was transferred and confined does not direct the conclusion that he was thereby prevented from filing a grievance, particularly since he was able to submit, and did submit, requests for medical treatment during that time. *See Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (holding claim insufficient because not supported by allegation of specific facts).

We also hold that the mandatory exhaustion requirement cannot be excused on the ground that the detainee was not informed of the grievance procedure. *Cf. Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting federal inmate's claim that authorities should have told him he needed to follow administrative procedures). "[W]e will not read futility *or other exceptions* into statutory exhaustion requirements where Congress has provided otherwise." *Booth*, 532 U.S. at 741 n.6 (emphasis added). "Section 1997a(e) says nothing about a

prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Supreme Court has rejected Mr. Turrietta's next argument, that a prisoner is excused from the exhaustion requirement where the relief requested is not available under the applicable grievance policy. *Booth*, 532 U.S. at 736, 741 & n.6.

As for his claim that a jail warden cautioned him that if he filed a grievance, he would risk being transferred, Mr. Turrietta concedes that this statement was made after the deadline to file a grievance had expired. Therefore, even if this allegation is true, the warden's statement did not prevent Mr. Turrietta from exhausting administrative remedies.

Finally, we decline to address Mr. Turrietta's charge that the grievance policy was not in effect because he did not present this argument to the district court. He has not cited to the record where this issue was raised in the district court, *see* Fed. R. App. P. 28(a)(7), (9)(A); 10th Cir. R. 28.2(C)(2), and our review has not revealed that he did. We do not consider claims presented for the first time on appeal. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Mr. Turrietta's motion to proceed without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge