F I L E D
United States Court of Appeals
Tenth Circuit

FEB 6 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL ANTHONY HOFFMAN,

    Plaintiff-Appellant,

v.

SUZANNE MARTINEZ, District
Attorney, Dona Ana County District
Attorney's Office; CARTER CLARY,
Assistant District Attorney,
Dona Ana County District Attorney's
Office; NELSON GOODIN, Assistant
District Attorney, Dona Ana County
District Attorney's Office; WILLIAM
KINSELLA, Assistant District
Attorney, Dona Ana County District
Attorney's Office; LINDA JEAN
HOLLANDER, New Mexico
Public Defender; SGT. POE,
Las Cruces Police Officer; PAUL
DEL VECCHIO, Las Cruces Police
Officer; ROY ASKIN, Las Cruces
Police Officer; KIRI DAINE,
Las Cruces Police Officer; CHERYL
ROACH, Acting Administrator,
Dona Ana County Detention Center;
DONA ANA COUNTY DETENTION
CENTER; DONA ANA COUNTY
SHERIFF'S DEPARTMENT;
DONA ANA COUNTY, all being
sued in their official and individual
capacities,

    Defendants-Appellees.

No. 03-2000
(D.C. No. CIV-02-500 MV/RLP)
(D. N.M.)

---

### ORDER AND JUDGMENT [*]

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Michael Anthony Hoffman, a prisoner at the Lea County Corrections Facility in Hobbs, New Mexico, proceeding pro se and in forma pauperis, appeals the district court's dismissal of the claims made in his civil rights action brought under 42 U.S.C. §§ 1983, 1985(3). This court has jurisdiction over Mr. Hoffman's appeal and we affirm.

### BACKGROUND

Mr. Hoffman's complaint alleges a series of claims against numerous defendants, arising from his arrest, detention, indictment, and acquittal on

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

breaking and entering charges. [1] The complaint states that the Dona Ana County district attorney, three assistant district attorneys, four police officers with the Las Cruces Police Department, Dona Ana County, the Dona Ana County Sheriff's Department, the Dona Ana County Detention Center, an employee of the detention center, and a public defender with the New Mexico Public Defender Department should be held liable for false arrest, false imprisonment, malicious prosecution, violations of his due process rights, unconstitutional conditions of confinement during his pre-trial detention, racial discrimination, slander, and conspiracy to violate his civil rights. [2]

Mr. Hoffman contends that his arrest, detention, and trial for breaking and entering occurred because the arresting officers and prosecuting attorneys failed to investigate or credit his claim that he shared the residence with his girlfriend.

---

[1]     Under the applicable New Mexico statute,

> Breaking and entering consists of the unauthorized entry of any . . .
> dwelling or other structure . . . where entry is obtained by fraud or
> deception, or by the breaking or dismantling of any part of the . . .
> dwelling or other structure, or by the breaking or dismantling of any
> device used to secure the . . . dwelling or other structure.

N.M. Stat. § 30-14-8.

[2]     In our liberal reading of the complaint on review, we discern a malicious prosecution claim (separate from the false arrest and imprisonment claims) and slander (separate from racial discrimination). The district court did not discuss either malicious prosecution or slander. As described in the text below, however, our addition of these two claims does not affect the validity of the district court's rulings.

Mr. Hoffman was not released to attend grand jury proceedings, which he characterizes as a due-process violation. He was also allegedly subjected to unconstitutional pre-trial detention experiences, such as shackling, strip searches, assault, and denial of prompt medical care. Moreover, he alleges that two of the police officers should be liable for racial discrimination for a slanderous remark to his employer. The complaint provides little detail on the relevant sequence of events, particularly about the circumstances of his arrest and indictment.

In its sua sponte review of the complaint under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), and 42 U.S.C. § 1997e(a), the district court parsed through Mr. Hoffman's claims. It dismissed the prison-conditions claims without prejudice, for failure to exhaust administrative remedies. Against most defendants, the false arrest, false imprisonment, conspiracy, malicious prosecution, due process, and slanderous racial discrimination claims were dismissed with prejudice, for failure to state a claim upon which relief can be granted. Only the claims against two police officers in their individual capacities survived the district court's rulings. The district court then directed entry of judgment under Fed. R. Civ. P. 54(b) on the dismissed claims.

Mr. Hoffman filed a timely motion to amend the judgment under Fed. R. Civ. P. 59(e), a request for appointment of counsel, and also a notice

of appeal. This court abated the appeal pending a resolution of the Rule 59(e) motion.

Mr. Hoffman's motion to amend the judgment under Rule 59(e) generally reiterated the contention that police officers and prosecutors ignored his claim of residency. The motion did not add to the complaint's description of Mr. Hoffman's arrest but did supply information concerning grand jury proceedings. According to the motion, Mr. Hoffman's girlfriend, the alleged victim, did not wish to have him prosecuted. But prosecutors browbeat her into testifying before a grand jury, where she apparently stated, "that no 'alleged crime' had taken place." R., Doc. 18 at 7. Significantly, there is no allegation that the girlfriend provided false testimony.

Upon consideration of the Rule 59(e) motion, the district court dismissed the remaining claims against the individual police officers without prejudice, and otherwise denied the motion. It also denied the request for appointment of counsel. This appeal, contesting the district court's original order and Rule 59(e) motion, followed.

## DISCUSSION

On appeal, Mr. Hoffman does not contend that his pro se complaint adequately described constitutional violations. Instead, he emphasizes his status as a pro se prisoner and asserts that the district court: (1) should have been more

liberal in construing his filings, (2) should have granted his Rule 59(e) motion and allowed him to amend his complaint, (3) should not have dismissed most of his claims with prejudice, and (4) should have granted his request for appointment of counsel.

The first three issues require us to decide if Mr. Hoffman's allegations, either with or without amendment, are sufficient to establish that any of the defendants are liable for the alleged constitutional violations. Our review of the district court's dismissal for failure to state a claim is de novo, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); our review of the district court's Rule 59(e) motion to alter or amend the judgment is under the abuse of discretion standard, *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1213 (10th Cir. 2001).

A dismissal for failure to state a claim is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *Ledbetter,* 318 F.3d at 1187. As the district court acknowledged, a federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotation and citations

omitted) . A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry,* 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall v. Bellmon* , 935 F.2d 1106, 1110 (10th Cir. 1991)) (additional quotation marks omitted).

### *False arrest, imprisonment, and malicious prosecution claims*

The claims of false arrest, false imprisonment, and malicious prosecution must be premised on a lack of probable cause. *See State v. Johnson,* 930 P.2d 1148, 1153 (N.M. 1996) (stating that a warrantless arrest by a police officer with probable cause to believe that an offense has been committed does not become unlawful if the arrestee is later found to be innocent); *Weststar Mortgage Corp. v. Jackson* , 61 P.3d 823, 832 (N.M. 2002) (stating that a judicial determination to bind a plaintiff over for a criminal trial constitutes prima facie evidence of the existence of probable cause for detention); *Wolford v. Lasater* , 78 F.3d 484, 489 (10th Cir. 1996) (stating that lack of probable cause is an essential element of malicious prosecution in New Mexico). [3]

---

[3] In this circuit, the state tort law of false arrest, false imprisonment, or malicious prosecution provides a starting point for analyzing a corresponding claim under § 1983. *Erikson v. Pawnee County Bd. of County Comm'rs,* 263 F.3d 1151, 1154 (10th Cir. 2001) (discussing malicious prosecution); *see also Smith v.*

(continued...)

Here, Mr. Hoffman's primary contention is that he was arrested, detained, and prosecuted for breaking and entering without an investigation into his claim that he shared the residence with his girlfriend and therefore was not committing the crime of breaking and entering. It is apparent from Mr. Hoffman's filings, however, that a grand jury made a probable cause determination, based in part on the girlfriend's testimony. *See United States v. Prentiss,* 256 F.3d 971, 976-77 (10th Cir. 2001) (quoting *United States v. Dionisio*, 410 U.S. 19, 48 (1973) (Marshall, J., dissenting) for the statement that "the very purpose of the grand jury process is to ascertain probable cause"). Mr. Hoffman's Rule 59(e) motion not only failed to add allegations "that would cure the complaint's deficiencies," *Curley*, 246 F.3d at 1284, it actually confirmed the district court's initial probable cause determination.

We conclude that Mr. Hoffman's claims of false arrest, false imprisonment, and malicious prosecution were properly dismissed and there was no abuse of discretion in the denial of Mr. Hoffman's Rule 59(e) motion. Further, it is evident that an opportunity to amend would not cure the deficiencies in Mr. Hoffman's complaint. Thus, it was at most harmless error to dismiss most of these claims with prejudice and deny Mr. Hoffman an opportunity to amend.

---

[3](...continued)
*Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001) (discussing false arrest and false imprisonment).

"[L]ack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies." *Id.*

**Due process claim**

Mr. Hoffman's separate due process claim is that, while detained, he was denied the right to testify at the grand jury hearing, as required by N.M. Stat. § 31-6-11(C). "It is well established" that a violation of state law "does not create a claim under § 1983." *Rector v. City & County of Denver,* 348 F.3d 935, 947 (10th Cir. 2003). A failure to follow a state statute is "actionable only if the [alleged] actions fail to meet basic federal constitutional standards." *Id.* "[N]either in this country nor in England has the suspect under investigation by the grand jury ever been thought to have a right to testify. . . ." *United States v. Williams* , 504 U.S. 36, 52 (1992). The district court correctly determined that this allegation does not and cannot support a federal constitutional claim. Accordingly, dismissal with prejudice is appropriate.

**Conditions of confinement claims**

Mr. Hoffman's complaint acknowledges that he did not exhaust administrative remedies in connection with his claims of unconstitutional

-9-

conditions of confinement.  "The Supreme Court has held that [42 U.S.C.] § 1997e(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.'" *Steele v. Fed. Bureau of Prisons*, No. 02-1492, 2003 WL 23019855, *2 (10th Cir. Dec. 29, 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002)). "A dismissal based on lack of exhaustion" is generally without prejudice. *Id.* at *8.  Accordingly, the district court's dismissal without prejudice was the correct disposition of the prison condition claims.

### *Slander/racial discrimination claim*

Mr. Hoffman's complaint alleges that two law enforcement officers violated his constitutional rights by "attempting to coerce" his employer into firing him because he was "arrested and detained on a breaking and entry charge." R., Doc. 1, ¶ 15.  He states he was referred to as a "nigger." *Id.* at ¶ 16.  His employer responded that the officers "might want to be careful of what you say to me, because if I am called to testify on plaintiff's behalf, I will repeat that statement you just made." *Id.*

Here, the employer's supportive statement defeats Mr. Hoffman's constitutional claim.

> [S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action.  Such damage is properly vindicated through state tort actions.  In order to justify relief under liberty clause of the 14th amendment via § 1983, plaintiff's alleged reputational damage must be entangled with some other "tangible interests such as employment."

*McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir. 1981) (citing and quoting *Paul v. Davis*, 424 U.S. 693, 697-713 (1976)).

For the same reason, Mr. Hoffman does not allege a sufficient claim of slander under state law. Under New Mexico law of defamation, "[d]amages must be proved and cannot be presumed." *Newberry v. Allied Stores, Inc*., 773 P.2d 1231, 1236 (N.M. 1989). Mr. Hoffman's complaint shows that he was not damaged by the officers' alleged statements to his employer. Indeed, the employer rejected the officers' comments. Under the circumstances described by Mr. Hoffman, the slander-related claims were subject to dismissal during the district court's screening process.

### Conspiracy claim

Mr. Hoffman's conspiracy claims under 42 U.S.C. § 1985(3) were correctly dismissed for two reasons. First, as previously explained, his underlying claims do not allege an illegal deprivation of his civil rights. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (stating that a valid § 1985(3) action requires allegation of facts showing a conspiracy to deprive plaintiff of "the equal enjoyment of rights secured by the law to all"). Second, Mr. Hoffman's conspiracy allegations are conclusory in nature and thus insufficient to state a claim for relief. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)

(dismissing § 1983 claim against public defenders on ground that the conspiracy allegations were conclusory and unsupported by facts).

### *Denial of Request for Appointment of Counsel*

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Prisoners alleging civil rights violations have no constitutional right to counsel, *see Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969), but the district court may appoint counsel if it determines doing so would be appropriate, 28 U.S.C. § 1915(e)(1). In making this determination, the court considers "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks*, 57 F.3d at 979 (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). After reviewing Mr. Hoffman's claims and the entire record on appeal, we conclude the district court did not abuse its discretion in denying the motion to appoint counsel.

**CONCLUSION**

We have carefully considered plaintiff's arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge