FILED
United States Court of Appeals
Tenth Circuit

**August 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOD A. PABST,

        Petitioner - Appellant,

    v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; STEPHEN SIX,
Kansas Attorney General,

        Respondents - Appellees.

No. 10-3256

(D. Kansas)

(D.C. No. 5:08-CV-03258-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

## I. INTRODUCTION

Tod Pabst (Defendant), an inmate in a Kansas correctional facility, seeks

habeas relief under 28 U.S.C. § 2254 on the ground that his trial was rendered

fundamentally unfair by the involvement of a private prosecutor who had a

conflict of interest. He further alleges that the failure of both trial and appellate

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel to challenge the use of the private prosecutor denied him effective assistance of counsel. The United States District Court for the District of Kansas denied relief but granted a certificate of appealability enabling Defendant to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A). Defendant filed a timely appeal and we have jurisdiction under 28 U.S.C. §§ 1291 and § 2253. We affirm.

## II.     BACKGROUND

In March 1997, Defendant killed his fiancee. *See Pabst v. State*, 996 P.2d 321, 324 (Kan. 2000). A jury convicted him of murder but the conviction was overturned on appeal. *See id.* at 331. The victim's parents hired a private attorney, Pedro Irigonegaray, under Kan. Stat. Ann. § 19-717 to assist the prosecutor at the retrial. *See Pabst v. State*, 192 P.3d 630, 633 (Kan. 2008). Although Irigonegaray was assigned the handling of several parts of the trial, the state prosecutor controlled the case and "everything that Irigonegaray did on the case was subject to [his] prior approval." *Id.* at 634; *see id.* at 635 (state court found that private prosecutor acted under "direct supervision" of public prosecutor). The jury convicted Defendant of premeditated first-degree murder, and he was sentenced to life imprisonment. *See State v. Pabst*, 44 P.3d 1230, 1232 (Kan. 2002). The Kansas Supreme Court affirmed his conviction. *See id.*

Defendant sought state postconviction relief that challenged Irigonegaray's role in the second trial. *See Pabst*, 192 P.3d at 633. The state district court denied relief and the Kansas Supreme Court affirmed. The supreme court ruled

that Irigonegaray's prosecutorial role conflicted with his role in representing the decedent's family in proceedings to terminate Defendant's parental rights and adopt the decedent's child. But it concluded that the violation was not structural error and the error was harmless. *See id*. at 637–40. It also held that Defendant had not been deprived of effective assistance of either trial or appellate counsel. *See id*. at 640–41.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (internal quotation marks omitted). "Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be reasonable." *Id.* (internal quotation marks omitted.)

Defendant's first contention is that Irigonegaray's conflicted role in his murder trial violated constitutional due process. On this issue we need not rely on AEDPA deference to the state court. We held in *Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151 (10th Cir. 2001), that "the participation of a privately-retained attorney in a state criminal prosecution does not violate the defendant's right to due process under federal law unless the private attorney effectively controlled critical prosecutorial decisions," *id.* at 1154. Here, both the state trial court and the federal district court found that Irigonegaray did not have such control. Accordingly, this contention fails.

Defendant next contends that his trial counsel's failure to move for Irigonegaray's removal as an associate prosecutor denied him effective assistance of counsel. To establish a claim of ineffective assistance of counsel, Defendant must show (1) that his counsel's performance fell below an objective standard of reasonableness, *i.e.*, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,"

and (2) that Defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Kansas Supreme Court applied this standard in reviewing Defendant's claim. *See Pabst*, 192 P.3d at 640. It ruled that Defendant had not overcome the strong presumption that his trial counsel's performance was adequate because there was no testimony on the issue by Defendant's trial counsel and trial counsel may well have preferred Irigonegaray to an alternative who might have replaced him. *See id.* at 641. Defendant has not persuaded us that the Kansas Supreme Court's ruling was unreasonable, so we affirm the district court's rejection of this contention.

Finally, Defendant contends that his appellate counsel was constitutionally ineffective for failing to raise on direct appeal that Irigonegaray operated under a conflict of interest at his second murder trial. But the Kansas Supreme Court ultimately ruled in Defendant's postconviction proceedings that the error created by Irigonegaray's conflict was harmless. Thus, if Defendant's appellate attorney had pursued the issue, he would have failed to obtain relief. Because Defendant cannot show prejudice, we affirm the district court's denial of relief on this contention.

## IV.    CONCLUSION

We AFFIRM the district court's denial of Defendant's application for relief under 28 U.S.C. § 2254.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge