NOT DESIGNATED FOR PUBLICATION

No. 118,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TOD A. PABST,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Thomas District Court; GLENN D. SCHIFFNER, judge. Opinion filed October 19, 2018. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk P.A., of Wichita, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: Tod A. Pabst appeals from the district court's summary dismissal of his motion to amend a previously adjudicated K.S.A. 60-1507 motion. On appeal, Pabst argues he timely filed his motion to amend because his arguments should relate back to the filing of his original K.S.A. 60-1507 motion filed in 2003. However, we find that Pabst has no right to amend his prior K.S.A. 60-1507 motion at this late date. Specifically, we conclude that the relation back doctrine is not applicable under the circumstances presented in this case. Moreover, we do not find that justice requires that the district court grant Pabst leave to amend his prior K.S.A. 60-1507 motion. Thus, we affirm.

1

FACTS

In affirming the denial of Pabst's prior K.S.A. 60-1507 motion, the Kansas Supreme Court summarized the underlying facts:

"In 1997, Pabst was first convicted of premeditated first-degree murder in the shooting death of his fiancée, Phoebe Harkins. However, that conviction was overturned by this court because the prosecutor's remarks in closing argument denied Pabst a fair trial. See *State v. Pabst*, 268 Kan. 501, 511, 996 P.2d 321 (2000).

"Upon the retrial in 2000, the victim's parents hired a private attorney, Pedro Irigonegaray, to act as associate counsel to assist the prosecutor, pursuant to K.S.A. 19-717. Irigonegaray actively participated in the murder trial. At the time, he was also employed to assist with civil litigation which would be impacted by the outcome of the criminal trial. The jury again convicted Pabst of premeditated first-degree murder, and that conviction was affirmed by this court in *State v. Pabst*, 273 Kan. 658, 44 P.3d 1230, *cert. denied* 537 U.S. 959 (2002).

"Approximately a year and a half later, on October 15, 2003, Pabst filed a K.S.A. 60-1507 motion through a retained attorney which alleged 11 grounds for relief. However, for his last ground, Pabst's attorney stated that, because of the applicable statute of limitation, he had filed the motion prior to a full investigation and review and informed the court that Pabst intended to file supplemental pleadings, with leave of court, after an examination of the record. Inexplicably, there was no activity on the motion until September 2, 2004, when Pabst's attorney withdrew as counsel.

"Pabst requested appointed counsel on November 19, 2004, but apparently never returned the requisite paperwork. He then hired current counsel, Richard Ney, who entered an appearance on March 1, 2005, and several months later filed a pleading entitled, 'Amended Petition Pursuant to K.S.A. 60-1507.' The pleading set forth 16 grounds for relief, 10 of which differed from the original motion. Pabst had not sought or obtained leave of court to file a supplemental pleading.

2

"The State, after obtaining a continuance, filed an answer which, inter alia, sought to dismiss those claims which were not raised in the original 60-1507 motion because the new claims were barred by the new limitation period in K.S.A. 60-1507(f). In a reply and a separate motion to strike, Pabst argued that, under K.S.A. 60-215, he had the right to amend his motion as a matter of course at any time prior to the State filing a responsive pleading; that the claims made in both pleadings were of the same type, permitting the later claim to relate back; and that the State had failed to specifically plead a statute of limitations defense as required by the Rules of Civil Procedure.

"At an evidentiary hearing on March 15, 2006, the parties first presented arguments on the statute of limitations issue. The district court ruled that Kansas law does not require the State to answer or otherwise plead to a convict's 60-1507 motion in order to refute the motion or the evidence offered in support of the motion; that it is presumed that when a movant sets out grounds for relief under K.S.A. 60-1507, he or she has listed all of the grounds upon which he or she is relying; and that a movant cannot avail himself or herself of the relation-back standard by raising an ineffective assistance of counsel claim in the original petition and then amending the petition to assert another ineffective assistance claim based on a distinct type of attorney malfeasance. The district court dismissed the allegations found in (d), (e), (f), (g), (h), (i), (j), (l), (m), and (p) of the amended 'petition.' The district court proceeded on the originally filed 60-1507 motion, permitting Pabst to raise the grounds that had been abandoned by the amended 'petition.'

"Pabst and Irigonegaray testified as Pabst's witnesses. Irigonegaray related that he was retained by the victim's sister and parents to be an associate to the attorney general's office under K.S.A. 19-717 to assist with the prosecution of the murder trial. Irigonegaray admitted that he represented the victim's sister and her husband in a termination of parental rights and adoption case involving Pabst's child. At the time of the criminal retrial, Pabst had filed a motion to set aside the termination, and Irigonegaray was involved in the case. Irigonegaray's office was also involved in other civil cases involving the victim's family which were at least prompted by the murder, albeit the record is not altogether clear on the details of those cases or the extent of Irigonegaray's involvement.

3

"Although Irigonegaray admitted involvement in the civil cases, he denied that he ever used information from the civil cases to gain an advantage in the criminal trial. However, he did admit that the murder conviction had some impact on the attempt to set aside his client's adoption of Pabst's child. Further, Irigonegaray did use the fact that Pabst had filed two civil cases involving property to argue for a hard 40 sentence based on murder for financial gain, although the sentencing court rejected the argument and refused to impose the enhanced minimum sentence.

"Assistant Attorney General Stephen Maxwell testified on the State's behalf, acknowledging that he was the lead attorney on the case and had assigned the handling of several parts of the trial to Irigonegaray. Specifically, he assigned Irigonegaray the opening statement, 7 out of 25 State witnesses, 1 or 2 of the defense witnesses, and a portion of the closing argument. However, Maxwell asserted that he controlled the case and everything that Irigonegaray did on the case was subject to Maxwell's prior approval.

"On July 18, 2006, the district court issued its memorandum decision denying Pabst's 60-1507 motion. Pabst timely appealed." *Pabst v. State*, 287 Kan. 1, 2-5, 192 P.3d 630 (2008).

In affirming the district court's 70-page memorandum decision denying Pabst's initial K.S.A. 60-1507 motion, the Kansas Supreme Court carefully reviewed Irigonegaray's role in the underlying criminal case. 287 Kan. at 5-15. Although it found that his prosecutorial role conflicted with his role in representing the decedent's family in proceedings to terminate Pabst's parental rights, our Supreme Court did not find the conflict to rise to the level of structural error. 287 Kan. at 13-14. Likewise, it concluded that "Pabst has failed to establish that any conflict of interest that Irigonegaray may have had as a result of concurrently representing the victims in civil matters substantially affected the criminal prosecution so as to impair Pabst's right to a fair trial." 287 Kan. at 15. Furthermore, our Supreme Court held that Pabst had not been deprived of effective assistance of either trial or appellate counsel. 287 Kan. at 17-18.

4

Failing to prevail in state court, Pabst turned to the federal courts in an attempt to find relief. In 2009, he filed a federal habeas petition under 28 U.S.C § 2254 (2006) in the United States District Court for the District of Kansas. Again, Pabst alleged that the state district court should have removed Irigonegaray from his criminal case due to a conflict of interest. *Pabst v. McKune*, No. 08-3258-SAC, 2009 WL 4508573 (D. Kan. 2009) (unpublished opinion). After the federal district court denied his petition, Pabst appealed to the United States Court of Appeals for the Tenth Circuit. In 2011, the Tenth Circuit affirmed the district court's finding that Irigonegaray's participation as a privately retained attorney for the prosecution did not violate Pabst's due process rights and that he was not denied effective assistance of trial or appellate counsel. *Pabst v. McKune*, 438 Fed. Appx. 674 (10th Cir. 2011) (unpublished opinion). Subsequently, on March 5, 2012, the United States Supreme Court denied Pabst's petition for writ of certiorari. *Pabst v. McKune*, 565 U.S. 1250 (2012).

On August 24, 2016, Pabst filed the Amended Petition for Relief Pursuant to K.S.A. 60-1507 that is at issue in this appeal. In his amended petition, Pabst asserts that his appellate counsel was ineffective for failing to call his trial counsel to testify regarding why he failed to object to Irigonegaray's involvement in the case as a special prosecutor. Pabst further asserts that he timely filed his amended petition because it "relates back" to the original K.S.A. 60-1507 motion he filed in 2003. In a 10-page Memorandum Decision, the district court found that the amended petition did not relate back to the motion filed 15 years ago. Thus, the district court summarily denied the amended petition on the grounds that it was untimely filed.

ANALYSIS

On appeal, Pabst contends that the district court erred in summarily denying his Amended Petition for Relief Pursuant to K.S.A. 60-1507. Specifically, Pabst argues that his current pleading should relate back to the K.S.A. 60-1507 motion he filed in 2003. He

5

further argues that he is entitled to an evidentiary hearing on his amended petition for relief. We disagree.

When a district court summarily denies a K.S.A. 2017 Supp. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory. In other words, the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Under K.S.A. 2017 Supp. 60-1507(f)(1)(A), movants have one year to timely file a motion following the last appellate court to exercise jurisdiction on direct appeal. A movant that files a K.S.A. 60-1507 motion outside the one-year time limitation and fails to affirmatively assert "manifest injustice" is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). In this case, Pabst makes no argument—either in his amended petition for relief or in his brief on appeal— that the one-year time limitation should be extended pursuant to K.S.A. 2017 Supp. 60-1507(f)(2) due to manifest injustice.

Here, it is undisputed that Pabst's conviction for the first-degree premeditated murder of his fiancée became final upon the issuance of a mandate in the case of *State v. Pabst*, 273 Kan. 658, 44 P.3d 1230 (2002). We note that the Clerk of the Appellate Courts issued the mandate on May 20, 2002. It is also undisputed that Pabst did not file his amended petition for relief until August 24, 2016. Thus, we find that Pabst's Amended Petition for Relief Pursuant to K.S.A. 60-1507 is untimely on its face.

6

Nevertheless, Pabst attempts to get around the timeliness bar by arguing that his amended petition for relief should relate back to the K.S.A. 60-1507 motion that he filed in 2003. While movants filing K.S.A. 60-1507 motions generally do not have the right to amend their original motions, they may do so if the district court—in its discretion—allows them to do so. See *Thompson v. State*, 293 Kan. 704, 714, 270 P.3d 1089 (2011). An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Even if the district court allows an amendment, any new claims in the amended motion must also meet a separate test for timeliness. Under this test, the new claims only relate back to the date of the filing of the original K.S.A. 60-1507 motion if they arose "out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading." K.S.A. 2017 Supp. 60-215(c)(2); see *Thompson*, 293 Kan. at 714. We note that in *Thompson*, our Supreme Court distinguished between allegations relating to the ineffectiveness of appellate counsel and allegations relating to the ineffectiveness of trial counsel, finding their circumstances to be legally distinct from one another. 293 Kan. at 713.

Here, Pabst had already fully litigated the issues set forth in his original K.S.A. 60-1507 motion, and the district court issued a 70-page ruling following an evidentiary hearing. Moreover, the Kansas Supreme Court affirmed the district court's decision and the Clerk of the Appellate Courts issued a mandate. As such, to allow Pabst to relate the allegations in his current motion back to his prior K.S.A. 60-1507 motion would require the district court to reopen a 15-year-old motion that our Supreme Court has already ruled upon. Furthermore, we find no basis to justify a district court reopening a matter in which the court entered a final judgment and an appellate court has issued a mandate. See

*Hongphakdy v. State*, No. 116,625, 2017 WL 2022871, at \*3 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 986 (2018).

It is important to recognize that decisions of an appellate court—including directions or instructions on remand—form a part of its mandate to the district court, which "shall be controlling in the conduct of any further proceedings necessary in the district court." K.S.A. 60-2106(c). Absent special circumstances, district courts must execute a mandate and cannot give future relief other than to follow any directions given on remand. *In re Estate of Einsel*, 304 Kan. 567, 584, 374 P.3d 612 (2016); see also *State v. Collier*, 263 Kan. 629, 636, 952 P.2d 1326 (1998) (quoting *Sibbald v. United States*, 37 U.S. [12 Pet.] 488, 492, 9 L. Ed. 1167 [1838]). Once the appellate court issues the mandate, it becomes part of the final judgment and becomes the law of the case. See *Collier*, 263 Kan. at 636.

The Kansas Supreme Court issued its mandate affirming the district court's denial of Pabst's K.S.A. 60-1507 motion on November 5, 2008. Likewise, we note that the Kansas Supreme Court did not remand the matter to the district court for further action. As such, the district court cannot modify the mandate notwithstanding Pabst's request for his amended petition to relate back to a K.S.A. 60-1507 motion filed in 2003.

We also note that Pabst raises a claim of ineffective assistance of appellate counsel on grounds that are distinct from those in his original K.S.A. 60-1507 motion. As our Supreme Court found in affirming the denial of Pabst's prior motion, "[a]n amendment to a motion for relief under K.S.A. 60-1507 that asserts a new ground for relief which is supported by facts that differ in both time and type from those grounds set forth in the original motion does not relate back to the date of the original motion." *Pabst*, 287 Kan. 1, Syl. ¶ 7. Pabst's current allegation is that his appellate counsel failed to call his trial counsel as a witness. As the district court found, Pabst is attempting to "assert another ineffective assistance claim based upon an entirely distinct type of attorney malfeasance."

8

Memorandum Decision, pp. 9-10 (quoting *United States v. Champi*, 419 F.3d 20, 24 [1st Cir. 2005]).

Under the circumstances presented, we do not find that the district court abused its discretion in denying Pabst's request to relate back and reopen the original K.S.A. 60-1507 motion. We also do not find that the district court erred as a matter of law. Rather, we find that the district court appropriately applied the law. Under these circumstances, we conclude that justice does not require the district court to grant Pabst leave to amend his prior K.S.A. 60-1507 motion at this late date.

To the extent that Pabst is reasserting the allegation found in his original K.S.A. 60-1507 motion that Irigonegaray's conflict denied him a fair trial, this claim is barred on the ground that it is successive. A district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Trotter*, 296 Kan. at 904. It is presumed that a movant filing a K.S.A. 60-1507 motion has "listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). Kansas courts will only consider successive motions upon a showing of exceptional circumstances justifying consideration. *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

Ultimately, Pabst is making a backdoor attempt to relitigate the issue of whether he received a fair trial in light of the special prosecutor's conflict of interest. As indicated above, the Kansas Supreme Court has already considered this issue and found that Pabst received a fair trial. The United States District Court for the District of Kansas and the United States Court of Appeals for the Tenth Circuit have decided similar, if not identical, issues. Pabst has not attempted to assert the existence of any exceptional circumstances that would allow him to have this issue litigated yet again.

9

We conclude that the motion, files, and records in this case conclusively establish that Pabst is not entitled to relief on his amended petition. Specifically, we find the amended petition for relief to be time barred and successive. Accordingly, we affirm the district court.

Affirmed.